```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

VIRGINIA ISABEL ALMONTE ROJAS,

                 Petitioner,                MEMORANDUM & ORDER
                                              25-CV-6543 (EK)
       -against-

KENNETH GENALO, N.Y.C. DIRECTOR,
ENFORCEMENT & REMOVAL OPERATIONS,
IMMIGRATION & CUSTOMS ENFORCEMENT
(ICE) et al.,

                 Respondents.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Almonte Rojas petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Her petition asserts that Respondents are wrongfully detaining her under 8 U.S.C. 1225(b)(2)(A) and, accordingly, have denied her the bond determination to which she is entitled under 8 U.S.C. § 1226(a). *See* Pet. ¶¶ 13-14, ECF No. 1. Having determined that this Court has jurisdiction over Almonte Rojas's petition, we deny the petition on the merits.

"Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439, (2007). A habeas petition is generally to be filed "in the district court for the district wherein such person is in custody," 28 U.S.C. § 2241(d), and Almonte Rojas is currently being detained at the Eloy Detention

Center in Eloy, Arizona.  Langlois Decl. ¶ 20, ECF No. 20-1.  However, at the time Almonte Rojas filed her petition, she was being held at the Immigration & Customs Enforcement office in Central Islip, New York.  *See id.* ¶ 18; Pet.  Accordingly, this Court retains jurisdiction.  *See Ex parte Endo*, 323 U.S. 283, 306 (1944) (where "[d]istrict [c]ourt acquired jurisdiction . . . the removal of [petitioner] did not cause it to lose jurisdiction where a person in whose custody she [was] remain[ed] within the district").

   Nonetheless, Almonte Rojas' petition is denied on the merits.  *First*, Respondents have produced evidence that Almonte Rojas in fact received an initial custody determination pursuant to 8 U.S.C. § 1226(a) — thereby negating the sole basis for Almonte Rojas's petition.  *See* Langlois Decl. Ex. C, ECF No. 20-4; *see generally* Pet.  *Second*, to the extent Almonte Rojas wishes to challenge her initial custody determination, she must first exhaust the administrative remedies at her disposal.  *See, e.g.*, *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025) ("A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention.").  And Almonte Rojas does not contest that she has never requested a bond hearing.  Langlois Decl. ¶ 24; *see* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d) (outlining the

2

administrative review process of which she can and should avail herself).[1]

Accordingly, Almonte Rojas's petition for a writ of habeas corpus is denied. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                    /s/ Eric Komitee  
                                                   ERIC KOMITEE  
                                                   United States District Judge

Dated:     February 3, 2026  
             Brooklyn, New York

---

[1] Almonte Rojas argues that exhaustion should be waived because her custody determination itself was illegitimate, having been made the day after her arrest. *See generally* Pet.'s Letter Dated January 7, 2026, ECF No. 21. But she cites no binding authority for that proposition.